# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CAMERON RICHARD TERHUNE,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>STATE OF CALIFORNIA,<br><br>　　　　Respondent. | CASE NO. 1:15-CV-1219-SMS (HC)<br><br>ORDER DISMISSING PETITION WITHOUT PREJUDICE |

Petitioner is a state prisoner proceeding *in pro se* and *in forma pauperis* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. His petition will be dismissed without prejudice for failure to exhaust state remedies.

**I.    BACKGROUND**

Plaintiff alleges that he was convicted on March 9, 2010 in the Stanislaus County Superior Court in Modesto, California. He was sentenced to 100 years to life.

Plaintiff has not filed a direct appeal or any other post-conviction proceeding with respect to this judgment. He explains that Stanislaus County has repeatedly refused to reply to his requests for case records and transcripts. He states that he has made requests for records and transcripts multiple times to the court house and to the Superior Court Judge, which were ignored, and filed several motions for relief, which were also ignored. Without this information, he says, filing an appeal was impossible.

**II.    SCREENING**

The court has inherent power to control its docket and the disposition of its cases with

economy of time and effort for both the court and the parties. *Landis v. North American Co.*, 299 U.S. 248, 254-55 (1936); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992), *cert. denied*, 506 U.S. 915 (1992). The Court is required to screen pleadings filed by prisoners, and to dismiss them to the extent they fail to state a claim. 28 U.S.C. § 1915A(a). The Court must dismiss the complaint or any portion of it that is "frivolous," "malicious," "fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4 of the Rules Governing Section 2254 Cases.

### III.    THE EXHAUSTION REQUIREMENT

A petitioner who is in state custody and wishes to collaterally challenge his conviction by a petition for writ of habeas corpus must first exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1). The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations. *Coleman v. Thompson*, 501 U.S. 722, 731 (1991); *Rose v. Lundy*, 455 U.S. 509, 518 (1982); *Buffalo v. Sunn*, 854 F.2d 1158, 1163 (9th Cir. 1988).

A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider each claim before presenting it to the federal court. *Duncan v. Henry*, 513 U.S. 364, 365 (1995); *Picard v. Connor*, 404 U.S. 270, 276 (1971); *Johnson v. Zenon*, 88 F.3d 828, 829 (9th Cir. 1996). A federal court will find that the highest state court was given a full and fair opportunity to hear a claim if the petitioner has presented the highest state court with the claims factual and legal basis. *Duncan*, 513 U.S. at 365; *Kenney v. Tamayo-Reyes*, 504 U.S. 1, 8 (1992).

A petitioner is excused from the exhaustion requirement if "there is an absence of available State corrective process" or "circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1)(B).

Here, Petitioner has not alleged facts that would excuse him from the exhaustion

2

requirement. He alleges that he was unable to obtain records and transcripts from the trial court. He does not allege that there was no available corrective process or that the state corrective process would be rendered ineffective to protect his rights. Petitioner has filed the instant habeas petition setting forth his grounds for relief without obtaining transcripts and records. There are no allegations that suggest that, if he had been denied access to the trial transcript or other records, that the state corrective process would have been unavailable or ineffective for him.

A stay in order to allow Petitioner to exhaust his state remedies pursuant to *Rhines v. Weber* is only appropriate for petitions in which there are both exhausted and unexhausted claims, and where the unexhausted claims have some merit and Petitioner had good cause for his earlier failure to exhaust state remedies. *Rhines v. Weber*, 544 U.S. 269, 278 (2005). In the context of a *Rhines* stay, "a reasonable excuse, supported by evidence to justify a petitioner's failure to exhaust" will justify a petitioner's failure to exhaust. *Blake v. Baker*, 745 F.3d 977, 982 (9th Cir. 2014).

Exhaustion of state remedies is required prior to filing a federal habeas petition. Petitioner has not met this requirement and has not alleged facts sufficient to be excused from the requirement. This petition only contains unexhausted claims and Petitioner has not demonstrated good cause to justify his failure to exhaust. Hence, his petition will be dismissed without prejudice. Amendment to allow Petitioner to allege exhaustion would be futile because Petitioner has affirmatively alleged that he has not filed an appeal or state habeas petition, and amendment could not cure the defect.

**IV.   ORDER**

For the foregoing reasons, it is hereby ORDERED that the petition be DISMISSED without prejudice.

IT IS SO ORDERED.

Dated:   **October 21, 2015**           **/s/ Sandra M. Snyder**
                                        UNITED STATES MAGISTRATE JUDGE

3